THE NORTHWEST THRASHER COMPANY V. NICKLAUS UNREIN et al.

No. 15,001    (89 Pac. 1132.)

CHATTEL MORTGAGES—Sale by Mortgagee—Fraud Not Shown. Where it was claimed that a sale of personal property by a mortgagee was fraudulent, the evidence and special findings did not harmonize with the general verdict for the mortgagor, and the judgment was reversed.

Error from Ellis district court; JAMES H. REEDER, judge. Opinion filed April 6, 1907. Reversed.

W. E. Saum, for plaintiff in error.

Per Curiam: A thrashing-machine company held the defendants' note, secured by a chattel mortgage upon an engine. The note not being paid at maturity, the chattel mortgage was foreclosed and the engine sold at public sale to the mortgagee for $100. The expenses of the sale were deducted and the net proceeds, amounting to $84, were credited. The note then came into the hands of the plaintiff, who brought suit for the balance due. The defendants counterclaimed as follows:

"That said engine was well and reasonably worth

the sum of $600 at the time it was taken and seized by said Minnesota Thrasher Company or this plaintiff, and that afterward the said Minnesota Thrasher Company or this plaintiff unlawfully and fraudulently, and without posting any notices of the time or place of such sale, and without notice to these answering defendants, fraudulently and unlawfully pretended to sell the same, and fraudulently and unlawfully pretended to buy said property for a sum unknown to these answering defendants, and, as alleged in the petition herein, indorsed on the note in controversy the grossly inadequate sum of $84 as the pretended proceeds of said pretended sale, said plaintiff or the Minnesota Thrasher Company well knowing at the time that said engine was actually and well worth the sum of $600."

The defendants assumed the burden of proving their answer, and the court instructed the jury that such was the law of the case. Verdict and judgment went for the defendants.

The defendants introduced no evidence whatever to show that notices of sale were not posted, and one of them admitted attending the sale. The verdict and judgment, therefore, are not supported by the evidence as to that feature of the answer. The only other ground upon which the defendants claim the right to recover is inadequacy of price, and inadequacy of price at a public sale is not in itself sufficient, unless so utterly gross as to show fraud. The jury found the engine to be worth $400, and it cannot be said that a sale for $100, the highest bid, shows fraud. More than this, the jury found that the fraud which vitiated the sale inhered in "the way they disposed of said engine at the time and place of said sale"—something not pleaded in the answer or supported by the proof.

The answer, the evidence, the special findings and the general verdict cannot be made to match. Therefore the judgment of the district court is reversed and the cause is remanded for a new trial.